UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PARKER,

        Movant,

                                File No. 1:05-CV-616

v.

                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                    /

**O P I N I O N**

        This matter comes before the Court on Movant Edward Parker's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on September 24, 2004.

**I.**

        On June 18, 2004, Movant entered a plea of guilty in this Court to one count of conspiracy to distribute 50 grams of crack or cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(C). On September 24, 2004, he was sentenced to 108 months in prison and a fine. Movant did not appeal his sentence.

        Movant was sentenced approximately three months after the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and approximately four months before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). In his § 2255 motion, he asserts that he specifically instructed defense counsel to file an appeal of his sentence,

raising a challenge based on *Blakely*. According to Movant Parker, his attorney told him he would file the appeal and then failed to do so. As a result, Movant alleges that he was denied his opportunity to pursue a *Blakely-Booker* challenge and to challenge the Court's failure to comply with FED. R. CRIM. P. 32. He seeks entry of a new judgment of sentence and the opportunity to file an appeal from that new judgment.

In its response to Parker's motion, the government disputes Movant's assertion that he instructed defense counsel to file an appeal, attaching the affidavit of defense attorney Richard Librizzi, who represented Movant at sentencing. According to Librizzi's affidavit, he met with Movant a few days before sentencing. Librizzi avers that he was aware that the decision in *Blakely* left sentencing to the discretion of the district judge, and he discussed with Movant the low likelihood of success on appeal. Librizzi avers that, at sentencing, the Court advised Movant of his right to appeal and that Librizzi handed the appeal forms to Movant before Movant was led from the courtroom. Librizzi further avers "that at no time did Defense Counsel state to the Petitioner that an appeal would be undertaken, nor did he ever receive a signed form from the Petitioner requesting that an appeal be file[d] on his behalf."

Due to the competing versions of events presented by Movant and Librizzi, this Court held an evidentiary hearing on April 20, 2006, to resolve the factual question of whether Movant told counsel he wished to file an appeal. At the hearing, the Court heard testimony from both Attorney Librizzi and from Movant Parker. The matter is now ripe for decision.

## II.

Having considered the files and records of the case, as well as the testimony of both Librizzi and Movant, the Court finds that Movant is not entitled to relief in this matter.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if

the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). To show cause excusing a procedural default, a defendant must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, a defendant must demonstrate an error that worked to his actual and substantial disadvantage.

The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

Movant's independent claim of ineffective assistance of counsel, therefore, is not procedurally defaulted. However, Movant's claims that he was improperly sentenced under *Blakely* and *Booker* and that the Court failed to adhere to FED. R. CRIM. P. 32 are procedurally defaulted, unless he can show cause and prejudice excusing the default. Movant claims that counsel's ineffective assistance in failing to file an appeal constitutes such cause.

4

Attorney error may constitute cause excusing a procedural default if the error amounts to the ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the context of an attorney's alleged failure to file an appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal when specifically instructed to file he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a

5

reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate prejudice by showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

In the instant case, Movant does not argue that counsel failed to consult. He asserts only that counsel failed to file an appeal when specifically instructed to do so. As a result, the only issue before the Court is whether Movant or Librizzi is more credible on the question of whether Movant specifically told his attorney to file an appeal. Based on the testimony of both parties at the hearing, as well as the wholly meritless nature of the claims Movant wished to raise on appeal, the Court concludes that Librizzi's testimony is more credible and that Movant did not directly instruct his attorney to file an appeal.

First, Movant testified at the hearing that, when he met with Librizzi shortly before sentencing, he handed Librizzi copies of the Supreme Court decisions in both *Blakely* and *Booker* and asked counsel to raise a *Blakely-Booker* claim. He testified that counsel told him

6

he would take up the *Blakely-Booker* issue after sentencing.  Both the government and the Court asked numerous clarifying questions about whether Movant actually gave counsel copies of *Blakely* or *Booker* or both, and Movant repeatedly reiterated that he gave Librizzi copies of both decisions.  Movant's representation, however, is factually impossible, inasmuch as *Booker* was not decided until January 12, 2005, nearly four months after Movant was sentenced.

Second, Movant's contention that his attorney promised to address the *Blakely* issue is highly unlikely, since *Blakely* was entirely irrelevant to the matters in issue at Movant's sentencing.[1] In *Blakely*, 542 U.S. 296, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury.  The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines.  In *Booker*, 543 U.S. 220, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines.  The *Booker* Court concluded that

---

[1]Although the Court discusses the merits of the *Blakely-Booker* claim, the Court is fully aware that a defendant raising a claim of ineffective assistance of counsel for the failure to file an appeal need not demonstrate that he has a viable appellate claim in order to meet the prejudice prong of *Strickland.  See Flores-Ortega*, 528 U.S. at 486 ("We similarly conclude here that it is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.") Nevertheless, the viability of the appellate claim may be of evidentiary value to a determination of whether counsel performed reasonably.  *Id.*

the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment.  According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 244.  The Sixth Circuit has squarely concluded that "[t]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury." *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).

In the instant case, no factual findings were made by the Court that were proscribed by *Blakely* and *Booker*.  While the presentence information report included an offense history that Petitioner now challenges, consideration of past convictions is expressly outside the prohibitions of both *Blakely* and *Booker*.  *See Barnett*, 398 F.3d at 525.  Moreover, as a matter of historical fact, Movant's prior offenses ultimately were completely irrelevant to the sentence imposed. Movant pleaded guilty to an offense that carries a ten-year minimum sentence.  Yet Movant was sentenced to only nine years, below both the guidelines and the statutory minimum.  That departure below the statutory minimum resulted from the Court's decision to grant the government's motion for downward departure on the basis of Movant's substantial cooperation, in accordance with 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.  In other words, Movant's prior offenses had no effect on his sentence.

In sum, because both *Blakely* and *Booker* were entirely inapplicable to Movant's sentence, Movant's version of his conversations with his attorney is highly implausible. *See Flores-Ortega*, 528 U.S. at 485 ("evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making th[e] determination" of whether counsel performed reasonably). In contrast, attorney Librizzi's claim that he discussed the cases with Movant and advised him that they did not form the basis of a valid appeal is highly credible. Further, Librizzi's claim that Movant appeared to accept his explanation and made no demand for an appeal also is highly credible. *Id.*

For all these reasons, the Court finds that Movant did not specifically tell his attorney to file an appeal. As a consequence, under the standard set forth in *Flores-Ortega*, 528 U.S. 477, counsel behaved in a professionally reasonable manner in not filing an appeal. Movant's claim of ineffective assistance of counsel is without merit.

### III.

For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.


Dated:      April. 26, 2006             /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE